# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 20-00248 LEK-KJM |
| CASE NAME: | Leihinahina Sullivan vs. Office of the U.S. Attorney, District of Hawaii |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 3/18/2021 |

COURT ACTION:  EO: COURT ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; AND GRANTING PLAINTIFF LEAVE TO ADD NEW CLAIMS IN HER SECOND AMENDED COMPLAINT

On January 6, 2021, Defendants United States of America, Office of the U.S. Attorney, District of Hawaii; Department of Treasury, Internal Revenue Service; and the United States of America (collectively "Defendants") filed their Motion to Dismiss Plaintiff's Amended Complaint ("Motion").  [Dkt. no. 33.]  Pro se Plaintiff Leihinahina Sullivan ("Plaintiff") filed her memorandum in opposition to the Motion on March 8, 2021, and Defendants filed their reply on March 15, 2021.  [Dkt. nos. 37, 41.]  Because this Court finds the Motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c), the hearing on the Motion, currently scheduled for **March 29, 2021 at 10:00 a.m.**, is VACATED.

Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART.

## I.     Plaintiff's Motion to Supplement

On March 17, 2021, Plaintiff filed a "Motion for Leave to File this *Exhibit B* to Pro Se Plaintiff Opposition to Defendant's Motion to Dismiss [33]."  [Dkt. no. 43.]  This motion asks that Plaintiff be allowed to supplement her memorandum in opposition to the Motion with an additional exhibit.  Plaintiff's March 17, 2021 motion is GRANTED, and this Court will consider Plaintiff's Exhibit B in ruling on Defendants' Motion.

## II.    Plaintiff's Claim under the Right to Financial Privacy Act

The Motion is GRANTED insofar as Plaintiff's Amended Complaint, [filed 7/14/20 (dkt. no. 8),] is DISMISSED.  The Amended Complaint asserts violations of the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401, *et seq.*  The only civil remedies available for violations of RFPA are set forth in 12 U.S.C. § 3417.  See 12 U.S.C. § 3417(d).  Section 3417(a) states:

> Any agency or department of the United States or financial institution obtaining or disclosing financial records or information contained therein in violation of this chapter is liable to **the customer to whom such records relate** in an amount equal to the sum of--
>
> > (1) $100 without regard to the volume of records involved;
> >
> > (2) any actual damages sustained by the customer as a result of the disclosure;
> >
> > (3) such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and
> >
> > (4) in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(Emphasis added.) For purposes of the RFPA, "'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401. The Amended Complaint does not plead sufficient factual allegations that, if proven, would establish that Plaintiff is the "customer" as to the financial records at issue in this case. The Amended Complaint is therefore DISMISSED because Plaintiff has not adequately pled standing to bring a § 3417(a) claim.

### III.   Dismissal Without Prejudice & Leave to Add New Claims

However, Defendants' Motion is DENIED as to their request for dismissal with prejudice. "It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." Nat'l Council of La Raza v. Cegavske, 800 F.3d 1032, 1041 (9th Cir. 2015) (some citations omitted) (citing Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.")). This is particularly true because Plaintiff is proceeding pro se. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)). Because it is arguably possible for Plaintiff to amend her factual allegations addressing whether she is the "customer" as to the financial records at issue in this case, the dismissal must be WITHOUT PREJUDICE, *i.e.*, she must be given the chance to amend.

In addition, Plaintiff's memorandum in opposition to the Motion requests leave to

add new claims, pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 10.4, because she asserts "new information has just come to light that there are other financial records that was obtained by Defendants," in violation of the RFPA. [Mem. in Opp. at 1.] The Court notes that this case is in its early stages, and no Rule 16 scheduling conference has been held. Further, Rule 15(a)(2) states: "The court should freely give leave [to amend] when justice so requires." Therefore, Plaintiff's request for leave to add new claims, which are based on facts she asserts have only recently come to light, is GRANTED.

Plaintiff is ORDERED to file her second amended complaint by **May 3, 2021**. Plaintiff's second amended complaint should both: attempt to cure the defects in the RFPA claim asserted in her Amended Complaint; and assert the new claims that she referred to in her memorandum in opposition to the Motion. The second amended complaint must include all of the allegations that Plaintiff relies upon, even if she previously included them in prior versions of her complaint. Plaintiff cannot incorporate any portion of a prior version of her complaint by merely referring to it in the second amended complaint. See Local Rule LR10.4 ("Any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference[.]").

Plaintiff is CAUTIONED that, if she fails to file her second amended complaint by **May 3, 2021**, the claim that was dismissed without prejudice in this entering order will be dismissed with prejudice. In other words, Plaintiff would not be allowed to file any further versions of the complaint in this case, and this case would be closed.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager