UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LEIHINAHINA SULLIVAN,<br><br>             Plaintiff,<br><br>       vs.<br><br>UNITED STATES OF AMERICA,<br>OFFICE OF THE U.S. ATTORNEY,<br>DISTRICT OF HAWAII, DEPARTMENT<br>OF TREASURY,  INTERNAL REVENUE<br>SERVICE,<br><br>             Defendants. | CIV. NO. 20-00248 LEK-KJM |

**ORDER GRANTING DEFENDANTS' MOTIONS TO STAY**

On June 25, 2021, Defendants United States of America; Office of the U.S. Attorney District of Hawaii; and the Department of Treasury, Internal Revenue Service ("IRS" and collectively "Defendants") filed their Motion to Stay Proceedings ("First Motion to Stay").  [Dkt. no. 61.]  Pro se Plaintiff Leihinahina Sullivan ("Sullivan") filed her response to the First Motion to Stay ("First Response") on July 9, 2021, and Defendants filed their reply on July 26, 2021.  [Dkt. nos. 63, 64.]  On August 10, 2021, Sullivan filed a motion seeking leave to file a response to Defendants' reply.  [Dkt. no. 65.]  On August 16, 2021, an entering order was issued: granting Sullivan's motion; stating Sullivan's August 10, 2021 filing was considered in reviewing the First Motion to Stay; and

informing the parties that the First Motion to Stay was granted, a written order would follow, and the case was stayed until December 17, 2021.  [Dkt. no. 66.]

On December 13, 2021, Defendants filed a motion seeking to extend the stay until at least March 7, 2022 ("Second Motion to Stay").  [Dkt. no. 69.]  In the December 15, 2021 entering order directing Sullivan to respond to the Second Motion to Stay, [dkt. no. 70,] this Court stated the stay would remain in effect until a written order on the First Motion to Stay and the Second Motion to Stay (collectively "Motions to Stay") was issued.  On January 6, 2022, Sullivan filed a document that this Court construes as her response to the Second Motion to Stay ("Second Response").[1]  [Dkt. no. 75.]

The Court finds the Motions to Stay suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons set forth below, Defendants' Motions to Stay Motion are hereby

---

[1] Sullivan asks this Court to consider the arguments in her motion to compel discovery ("Motion to Compel"), [filed 12/29/21 (dkt. no. 72),] as part of her response to the Second Motion to Stay.  [Second Response at 1.]  Because Sullivan is proceeding pro se, her filings must be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  This Court therefore liberally construes Sullivan's Motion to Compel as part of her Second Response.

2

granted, and the instant case is stayed, pending the resolution of the criminal proceedings against Sullivan.

## BACKGROUND

### I. Criminal Proceedings Against Sullivan

Sullivan was indicted on February 15, 2017 in United States v. Sullivan, CR 17-00104 JMS ("CR 17-104"). [CR 17-104, dkt. no. 1.] The operative charging document in that case is the Fourth Superseding Indictment, filed on December 26, 2019. [Id., dkt. no. 495.] It alleges that, from approximately January 2009 until at least October 2018, Sullivan operated Mobile Native Hawaiian Health, Inc. ("MNHH"). [Id. at ¶ 2.] The charges in CR 17-104 arise from Sullivan's actions related to MNHH's bank accounts, as well as similar actions related to personal and joint bank accounts in both Sullivan's name and the names of other individuals. [Id. at ¶¶ 4-5.] Sullivan is charged with: seven counts of wire and mail fraud, in violation of 18 U.S.C. §§ 1343, 1341 (Counts 1-7); twenty-one counts of filing false claims, in violation of 18 U.S.C. § 287 (Counts 8-28); eighteen counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 29-34 and 35-47); six counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 48-53); four counts of money laundering, in violation of 18 U.S.C. § 1956 (Counts 54-57); two counts of obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)

(Counts 58 and 59); and one count of Hobbs Act extortion, in violation of 18 U.S.C. § 1951 (Count 60).

On July 16, 2021, an Information was filed in United States v. Sullivan, CR 21-00096 JMS ("CR 21-096"), charging Sullivan with one count of aggravated identity theft, in violation of § 1028A(a)(1).  [CR 21-096, dkt. no. 1.]

On July 20, 2021, a further change of plea hearing in CR 17-104 was held, together with a further waiver of indictment, arraignment, and plea hearing in CR 21-096.  [CR 17-104, Minutes, filed 7/20/21 (dkt. no. 1202) ("Change of Plea Minutes").]  Pursuant to a plea agreement, Sullivan pled guilty to Counts 1, 29, and 35 of the Fourth Superseding Indictment in CR 17-104 and to Count 1 of the Information in CR 21-096.  [Id. at PageID #: 12418; CR 17-104, Mem. of Plea Agreement, filed 7/20/21 (dkt. no. 1203).]  Plaintiff United States of America ("the Government") will move to dismiss the remaining counts in CR 17-104 after sentencing.  [CR 17-104, Mem. of Plea Agreement at 3.]

Sullivan's sentencing was originally scheduled for December 2, 2021.  [Id., Change of Plea Minutes at PageID #: 12418.]  It was subsequently continued to March 7, 2021.  See id., Government's Motion to Continue Sentencing and Presentence Report Completion Date, filed 10/27/21 (dkt. no. 1275); EO, filed 11/3/21 (dkt. no. 1278) (granting the motion).

4

## II. The Instant Case

Sullivan filed her original complaint in this case on May 28, 2020. [Dkt. no. 1.] The operative pleading was filed on May 1, 2021 ("Second Amended Complaint"). [Dkt. no. 46.] Sullivan alleges Defendants violated the Right to Financial Privacy Act ("RFPA") and her rights under the Fourth and Fourteenth Amendments to the United States Constitution because an IRS agent accessed her customer financial records without first complying with RFPA's requirements. [Second Amended Complaint at PageID #: 307.]

In the First Motion to Stay, Defendants argue Sullivan's theory in the instant case is that the documents which the charges in CR 17-104 are based upon were improperly obtained. Defendants argue Sullivan should not be allowed to "abuse . . . the broad scope of civil discovery" to obtain material to support her defense in CR 17-104. [First Motion to Stay at 2.] The Second Motion to Stay argues any stay in this case should extend through at least the continued sentencing date for CR 17-104 and CR 21-096.

## DISCUSSION

The Ninth Circuit has stated:

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989); Securities & Exchange Comm'n v.

>    Dresser Indus., 628 F.2d 1368, 1375 (D.C. Cir.), cert. denied, 449 U.S. 993, 101 S. Ct. 529, 66 L. Ed. 2d 289 (1980). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Dresser, 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [] to require such action.'" Id. at 1375 (quoting United States v. Kordel, 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 769 n.27, 25 L. Ed. 2d 1 (1970)).
>
>    The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." Molinaro, 889 F.2d at 902. This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." Id. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. Id. at 903.

Keating v. Off. of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995) (alterations in Keating).

Having reviewed the allegations in the instant case, having compared them with the charges in CR 17-104 and CR 21-096, and having considered the current procedural posture of the criminal proceedings, this Court concludes that there are

6

significant overlapping issues between the three cases because: the instant case challenges the manner in which Defendants obtained information from various financial institutions about Sullivan and other third-parties; and that information was used to support the Government's case in the criminal proceedings. Further, this Court concludes that Sullivan's Fifth Amendment rights may be implicated if the instant case is litigated before judgments are entered in CR 17-104 and CR 21-096 because, *inter alia*, although Sullivan has pled guilty to some of the charges, the remaining charges will not be dismissed until after she is sentenced.  See CR 17-104, Mem. of Plea Agreement at 3.

As to the first factor of the stay analysis, while Sullivan has an interest in the expeditious resolution of this case, the stay will not be indefinite and will last for approximately seven months, *i.e.* from August 16, 2021 to March 11, 2022.  Further, this Court finds that there will be minimal, if any, prejudice to Sullivan as a result of the relatively brief stay.  As Defendants point out, Sullivan already had a limited opportunity to conduct discovery in CR 17-104, and she filed several motions raising discovery issues. See Mem. in Supp. of First Motion to Stay at 7; see also CR 17-104, Motion to Dismiss for Lack of Providing Discovery for the Last Three (3) Years, filed 9/30/19 (dkt. no. 256); id., Motion to Compel Discovery, filed 11/12/19 (dkt. no. 319); id., Motion

7

to Subpoena the Following for Pretrial Motion Hearings, filed 11/21/19 (dkt. no. 352); id., Motion to Subpoena Apple Inc. etc., filed 2/18/20 (dkt. no. 669).

In her Second Response, which incorporates her Motion to Compel, Sullivan argues the discoverability of the documents described in the Motion to Compel case must be addressed. The magistrate judge denied Sullivan's Motion to Compel without prejudice and stated Sullivan could re-file it if the stay is lifted. [EO, filed 1/3/22 (dkt. no. 74).] Even if the Motions to Stay are granted, the stay will be for a limited period, and Sullivan can then re-file the Motion to Compel. Thus, the first factor in the stay analysis is either neutral or weighs only slightly against stay.

As to the second factor in the stay analysis, Defendants argue they would be prejudiced if they are forced to defend against this civil action because, if Sullivan is convicted in CR 17-104 and CR 21-096, civil claims that effectively challenge the conviction would be barred by the Heck v. Humphrey, 512 U.S. 477 (1994), doctrine. Further, Defendants argue they would be impaired in their defense in the instant case if they are forced to conduct discovery while Sullivan is still entitled to invoke her Fifth Amendment right against self-incrimination. This Court agrees and finds that the second factor weighs in favor of a stay.

The third factor also weighs in favor of a stay because staying the instant case pending the resolution of CR 17-104 and CR 21-096 is the more efficient use of judicial resources. If judgments of conviction are ultimately entered against Sullivan, some or all of the instant case may be barred by the Heck doctrine. Thus, litigating the instant case after the criminal proceedings have been resolved will likely streamline the issues that must be resolved in the instant case.

As to the fourth factor, the primary impact that the instant case will have on non-parties - *e.g.*, the financial institutions and other affected account owners - will likely be the necessity to respond to discovery and provide testimony about relevant events. As previously noted, litigating the instant case after the criminal proceedings have been resolved will likely streamline the issues. This is likely to limit the burdens that this civil litigation will place on the relevant third-parties. This Court therefore finds that the fourth factor weighs slightly in favor of stay.

As to the fifth factor, "the public interest is furthered by a stay because the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." See Micron Tech., Inc. v. United Microelectronics Corp., Case No. 17-cv-06932-MMC, 2019 WL 3037542, at *3 (N.D. Cal. July 11, 2019) (citation and quotation

9

marks omitted).  Although the public also has an interest in the resolution of this civil action and with RFPA compliance in general, those interests will not be impaired by the requested stay because the instant case will be addressed, to the extent possible in light of any Heck impact, after the relatively brief stay.  Therefore, the fifth factor weighs in favor of a stay.

Having considered all of the relevant factors, this Court concludes that a stay pending the resolution of CR 17-104 and CR 21-096 is appropriate here, "in light of the particular circumstances and competing interests involved in the case." See Molinaro, 889 F.2d at 902 (citation omitted).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Proceedings, filed June 25, 2021, and Defendants' second motion, filed December 13, 2021, are HEREBY GRANTED.  The instant case is STAYED until **March 11, 2022.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 11, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEIHINAHINA SULLIVAN VS. UNITED STATES OF AMERICA, ET AL; CV 20-00248 LEK-KJM; ORDER GRANTING DEFENDANTS' MOTION TO STAY**