UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LEIHINAHINA SULLIVAN,<br><br>             Plaintiff,<br><br>  vs.<br><br>REBECCA PERLMUTTER, IN HER OFFICIAL CAPACITY AS ASSISTANT U.S. ATTORNEY;  DISTRICT OF HAWAII U.S. ATTORNEYS OFFICE, MARK MACPHERSON, IRS AGENT; AND DEPT OF TREASURY,<br><br>             Defendants. | CIV. NO. 22-00157 LEK-WRP |

**ORDER DISMISSING PLAINTIFF'S INITIAL COMPLAINT,
WITHOUT LEAVE TO FILE AN AMENDED COMPLAINT IN THIS CASE,
BUT WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT IN
<u>*SULLIVAN V. UNITED STATES, ET AL.*, CV 20-00248 LEK-KJM</u>**

Before the Court is the Initial Complaint ("Complaint") filed by pro se Plaintiff Leihinahina Sullivan ("Sullivan") on April 11, 2022, and Sullivan's Supplemental to Initial Complaint ("Complaint Supplement"), filed on April 22, 2022. [Dkt. nos. 1, 6.] Sullivan is currently in custody at the Federal Detention Center in Honolulu, Hawai`i, pending sentencing in the criminal prosecutions against her. See Complaint at PageID #: 1; Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited June 13, 2022).

In the instant case, Sullivan asserts claims under 42 U.S.C. § 1983, alleging that the defendants[1] committed abuse of process and violated her constitutional rights by improperly using grand jury subpoenas and trial subpoenas "to pressure alleged persons and institutions to meet with them privately and share information outside the court . . . ." [Complaint at PageID #: 2.] For the following reasons, the Complaint is dismissed without leave to amend in this case because the Court concludes that it is more appropriate to consider those claims in the context of Sullivan's related civil action, <u>Sullivan v. United States, et al.</u>, CV 20-00248 LEK-KJM ("CV 20-248"). Thus, Sullivan is granted leave to amend her operative pleading in CV 20-248.

**STATUTORY SCREENING**

Sullivan has been granted leave to proceed in forma pauperis in this case. <u>See</u> Order Granting Application to Proceed in Forma Pauperis by a Prisoner, ECF Nos. 3, 5, filed 4/25/22 (dkt. no. 7). The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). <u>See</u> <u>Byrd v.</u>

---

[1] The defendants in this case are: Rebecca Perlmutter, in her official capacity as Assistant United States Attorney ("AUSA Perlmutter"); the District of Hawai`i U.S. Attorney's Office; and Internal Revenue Service Agent Mark MacPherson ("IRS Agent McPherson"); and the Department of Treasury. <u>See</u> Complaint at PageID #: 1.

Phx. Police Dep't, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  See id.

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  See Lopez, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.

3

See Sylvia Landfield Tr. v. City of Los Angeles, 729 F.3d 1189, 1196 (9th Cir. 2013).

**BACKGROUND**

I. **Criminal Cases Against Sullivan**

Sullivan was originally indicted in United States v. Sullivan, CR 17-00104 JMS-KJM ("CR 17-104"), on February 15, 2017. [CR 17-104, Indictment, filed 2/15/17 (dkt. no. 1).[2]] She was charged with: seven counts of filing false tax claims, in violation of 18 U.S.C. § 287; two counts of wire fraud, in violation of 18 U.S.C. § 1343; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. The charges arose from: Sullivan's preparation of federal and State of Hawai`i tax returns, on behalf of herself and others, from January 2011 to at least January 2017; and Sullivan's operation of Mobile Native Hawaiian Health, Inc. ("MNHH"), a non-profit corporation, from January 2009 until the date of the Indictment. [Id. at ¶¶ 2-3.]

The operative charging document is the Fourth Superseding Indictment, filed on December 26, 2019. [CR 17-104, dkt. no. 495.] It alleges that Sullivan operated MNHH from approximately January 2009 until at least October 2018. [Id. at ¶ 2.] The charges in the Fourth Superseding Indictment arise

---

[2] The Indictment was originally filed under seal, but was unsealed on February 24, 2017. See CR 17-104, dkt. no. 5.

from Sullivan's actions related to MNHH's bank accounts, as well as similar actions related to personal and joint bank accounts in both Sullivan's name and the names of other individuals. [Id. at ¶¶ 4-5.] Sullivan is charged with: seven counts of wire and mail fraud, in violation of 18 U.S.C. §§ 1343, 1341 (Counts 1-7); twenty-one counts of filing false claims, in violation of 18 U.S.C. § 287 (Counts 8-28); eighteen counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 29-34 and 35-47); six counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 48-53); four counts of money laundering, in violation of 18 U.S.C. § 1956 (Counts 54-57); two counts of obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c) (Counts 58 and 59); and one count of Hobbs Act extortion, in violation of 18 U.S.C. § 1951 (Count 60).

Sullivan ultimately pled guilty, pursuant to a plea agreement, to Counts 1, 29, and 35 of the Fourth Superseding Indictment in CR 17-104 and to Count 1 of the Information in United States v. Sullivan, CR 21-00096 JMS ("CR 21-096"). See CR 17-104, Minutes, filed 7/20/21 (dkt. no. 1202), at PageID #: 12418; CR 17-104, Mem. of Plea Agreement, filed 7/20/21 (dkt. no. 1203). Plaintiff United States of America ("the Government") will move to dismiss the remaining counts in CR 17-104 after sentencing. [CR 17-104, Mem. of Plea Agreement at 3.] The sentencing in CR 17-104 and CR 21-096 is currently scheduled

5

for July 11, 2022. See id., Order on Parties' Stipulation to Proposed Sentencing Schedule, filed 2/28/22 (dkt. no. 1372).

## II. CV 20-248

Sullivan filed her original complaint in CV 20-248 on May 28, 2020. [CV 20-248, dkt. no. 1.] The operative pleading was filed on May 1, 2021 ("Second Amended Complaint"). [CV 20-248, dkt. no. 46.] The defendants in CV 20-248 are: the United States of America; Office of the U.S. Attorney District of Hawaii; and the Department of Treasury, Internal Revenue Service ("IRS"). See id. at PageID #: 306.

Sullivan alleges the defendants in CV 20-248 violated the Right to Financial Privacy Act ("RFPA") and her rights under the Fourth and Fourteenth Amendments to the United States Constitution because IRS Agent Mark MacPherson accessed her customer financial records without first complying with RFPA's requirements. See id. at PageID #: 307. Sullivan also alleges "AUSA Rebecca Perlmutter tried to cover up the RFPA violations by requesting subpoenas from" the district judge presiding over CR 17-104. [Id. at PageID #: 311, ¶ 10.]

CV 20-248 has been stayed until July 15, 2022, in light of the July 11, 2022 sentencing date in CR 17-104 and CR 21-096. See CV 20-248, Order Granting Defendants' Motions to Stay, filed 1/11/22 (dkt. no. 78) ("Stay Order") (staying CV 20-248 until March 11, 2022, based on the sentencing date at that

6

time); id., Minute Order - EO: Court Order Extending the Stay of the Instant Case, filed 4/12/22 (dkt. no. 89) (extending the stay to July 15, 2022). In seeking a stay, the defendants in CV 20-248 argued Sullivan's theory of the case was that the documents that the charges in CR 17-104 are based upon were improperly obtained. See CV 20-248, Stay Order at 5. The Court concluded that, if judgments of conviction are entered in CR 17-104 and CR 21-096, some or all of the claims in CV 20-248 may be barred by the Heck v. Humphrey, 512 U.S. 477 (1994), doctrine. See id. at 8-9.

**III. The Instant Case**

In the instant case, Sullivan asserts claims under 42 U.S.C. § 1983, based on her allegations that AUSA Perlmutter and IRS Agent MacPherson committed fraud and abused the grand jury and trial process by "creating false grant jury subpoenas . . . [in] violation of [Sullivan]'s Sixth, Eight, and Fourteenth Amendment due process rights." [Complaint at PageID #: 1.] Sullivan alleges that, from approximately February 15, 2017 to December 15, 2021, AUSA Perlmutter and IRS Agent MacPherson sought and obtained trial subpoenas, even though they were aware that there would be no trial in CR 17-104, and they represented to the subjects of the subpoenas that the subpoenas were grand jury subpoenas. [Id. at PageID #: 2.] Sullivan also alleges they improperly used trial subpoenas to secure witnesses'

7

appearances at various pretrial proceedings in CR 17-104.  See Complaint Supplement at PageID #: 52.  According to Sullivan, AUSA Perlmutter and IRS Agent MacPherson engaged in this conduct "to obtain information from alleged victims, witnesses, and institutions outside the judicial context" so that they could "continue investigating [Sullivan in] a three year fishing expedition . . . ."  [Complaint at PageID #: 2.]

Sullivan seeks injunctive relief and damages, identifying her claims as follows:

>     I.   42 U.S.C.S. Section 1983;
>
>     II.  Abuse of Process;
>
>     III. Sixth Amendment United States Constitutional Violations of [her] Rights;
>
>     IV.  Eighth Amendment United States Constitutional Violations of [her] Rights;
>
>     V.   Fourteenth Amendment United States Constitutional Violations of [her] Rights;
>
>     VI.  And any other cause that may be adduced at trial.

[Complaint at PageID #: 2.]

## DISCUSSION

### I. Legal Framework for *Bivens* Claims

At the outset, although Sullivan's Complaint cites § 1983, the Court liberally construes the Complaint as asserting her claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

8

> "A Bivens action is the federal analog to suits brought against state officials under [§ 1983]." Hartman v. Moore, 547 U.S. 250, 254 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). In other words, constitutional claims against state officials are § 1983 actions, whereas claims against federal officials fall under Bivens. See Hydrick v. Hunter, 669 F.3d 937, 940 n.3 (9th Cir. 2012).

Denis v. Ige, 538 F. Supp. 3d 1063, 1070 n.6 (D. Hawai`i 2021) (alteration in Denis). However, "Bivens is 'a more limited federal analog to [42 U.S.C.] § 1983.'" Sullivan v. Kennedy, CIVIL NO. 21-00235 JAO-RT, 2021 WL 2383224, at *2 (D. Hawai`i June 10, 2021) (alteration in Sullivan) (quoting Hernandez v. Mesa, 589 U.S. ----, 140 S. Ct. 735, 747, 206 L.Ed.2d 29 (2020)), *appeal dismissed*, No. 21-16123, 2021 WL 4597834 (9th Cir. Sept. 17, 2021), *cert. denied*, 142 S. Ct. 789 (2022).

This district court has stated:

> In Bivens, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." Hernandez v. Mesa, 582 U.S. ___, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). Bivens involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. See Bivens, 403 U.S. at 389–90. Since Bivens, the Supreme Court has expanded this implied cause of action only twice. See Ziglar v. Abbasi, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017) ("These three cases — Bivens, Davis, and Carlson — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); Davis v. Passman, 442 U.S. 228 (1979) (suit under the Fifth Amendment's

9

Due Process Clause for gender discrimination by a United States Congressman); Carlson v. Green, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity." Abbasi, 582 U.S. at ___, 137 S. Ct. at 1857 (quoting Iqbal, 556 U.S. at 675). "This is in accord with the Court's observation that it has 'consistently refused to extend Bivens to any new context or new category of defendants.'" Id. (quoting [Corr. Servs. Corp. v.] Malesko, 534 U.S. [61,] 68 [(2001]). Indeed, the Court has suggested that "the analysis in [its] three Bivens cases might have been different if they were decided today." Id. at ___, 137 S. Ct. at 1856.

In deciding whether a Bivens remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. See Lanuza v. Love, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a Bivens remedy in a new context. See Ioane v. Hodges, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court]." Abbasi, 582 U.S. at ___, 137 S. Ct. at 1859. If the plaintiff is seeking a Bivens remedy in a new context, then courts proceed to the second step.

At step two, courts may extend Bivens only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." Ioane, 939 F.3d at 951 (internal

10

>   quotation marks and citation omitted). "Second, there cannot be any 'special factors' that lead the court to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." Id. at 951-52 (some internal quotation marks, brackets, and citation omitted). Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Abbasi, 582 U.S. at ___, 137 S. Ct. at 1857-58.

Londono v. Derr, Civil No. 22-00178 JAO-WRP, 2022 WL 2047222, at *2-3 (D. Hawai`i June 7, 2022) (some alterations in Londono) (footnote omitted).

## II. The Instant Case and CV 20-248

Each defendant in the instant case either: is also named as a defendant in CV 20-248; is an individual sued in his or her official capacity as an employee of an agency that is named as a defendant in CV 20-248; or is an agency that is part of the organizational structure of an agency defendant in CV 20-248. Compare Complaint at PageID #: 1, with CV 20-248, Second Amended Complaint at pg. 1. Further, AUSA Perlmutter's and IRS Agent MacPherson's actions are referred to in the operative pleading in CV 20-248, see, e.g., CV 20-248, Second Amended Complaint at PageID #: 311, ¶ 10, and the two cases are based on similar factual allegations.

11

Because the two cases are so closely related, the Court concludes that the claims Sullivan has attempted to allege in the instant case should be analyzed in the context of CV 20-248. Sullivan's Complaint in the instant case is therefore dismissed, without leave to file an amended complaint in this case, but Sullivan is granted leave to file a third amended complaint in CV 20-248. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The Court emphasizes that it has made no findings or conclusions about the merits of the claims alleged in the instant case. In other words, although the Court has applied the screening standards in dismissing Sullivan's Complaint, the Court has not completed the screening analysis of Sullivan's claims in the Complaint. The Bivens analysis above is included solely to provide guidance to Sullivan if she chooses to file a third amended complaint in CV 20-248.

Sullivan's third amended complaint in CV 20-248 must allege all of the claims that she is asserting and all of the factual allegations that those claims rely upon, even if she alleged them in a prior version of her complaint. She may not incorporate any portion of her prior complaints that she filed, either in CV 20-248 or in the instant case, merely by referring to it in the third amended complaint. If Sullivan decides to file a third amended complaint in CV 20-248 to incorporate the

12

claims that she attempted to allege in the instant case, she must do so by **July 15, 2022**. If Sullivan does not file a third amended complaint in CV 20-248, that case will proceed with the Second Amended Complaint remaining the operative pleading. See CV 20-248, dkt. no. 46.

The filing of Sullivan's third amended complaint will be permitted, even though the case is stayed until July 15, 2022, based on the current sentencing date in CR 17-104 and CR 21-096. No other filings related to the third amended complaint in CV 20-248 will be required and/or considered until the stay is lifted. An entering order will be issued in CV 20-248 administratively closing the case, with the exception of the filing of the third amended complaint.

## CONCLUSION

Sullivan's Initial Complaint, filed April 11, 2022, is DISMISSED WITHOUT LEAVE TO AMEND, and the Clerk's Office is DIRECTED to close the instant case immediately.

The dismissal of Sullivan's Initial Complaint in the instant case is WITHOUT PREJUDICE to the pursuit of the claims that she attempted to allege in the instant case in CV 20-248. Sullivan has leave to file a third amended complaint in CV 20-248 by **July 15, 2022**. The Clerk's Office is DIRECTED to file this order in CV 20-248.

```
        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, June 15, 2022.
```



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEIHINAHINA SULLIVAN VS. REBECCA PERLMUTTER, ET AL; CV 22-00157 LEK-WRP; ORDER DISMISSING PLAINTIFF'S INITIAL COMPLAINT, WITHOUT LEAVE TO FILE AN AMENDED COMPLAINT IN THIS CASE, BUT WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT IN SULLIVAN V. UNITED STATES, ET AL., CV 20-00248 LEK-KJM**